# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-01433-JHN JEM | Date | April 26, 2011 |
|---|---|---|---|
| Title | Stephen Norton v. Ford of Santa Monica et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Chris Silva for Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]**

The matter is before the Court on Plaintiff Stephen Norton's Motion to Remand, filed March 17, 2011 ("Motion"; docket no. 13). The Court has read and considered the parties' submissions in this matter and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for May 2, 2011, is removed from the Court's calendar. For the following reasons, Plaintiff's Motion is GRANTED.

## I.   BACKGROUND

This case arises out of Plaintiff Stephen Norton's purchase in May 2009 of a used 2008 vehicle ("Vehicle") manufactured by Chrysler's bankrupt predecessor, Chrysler LLC, and of which the title and warranty were allegedly misrepresented to him by Defendant Ford of Santa Monica, Inc., doing business as Subaru of Santa Monica ("SSM"). (Compl. ¶¶ 37–38, 48, 49.) Plaintiff also claims that he was charged the California Tire Fee (Cal. Pub. Res. Code § 42885) for new tires when in fact the Vehicle had all used tires; that he was charged a higher price than was promised for the extended warranty, and that he was not given the choice to opt out of an optional $29 DMV electronic filing fee. (Compl. ¶¶ 52–54.) Plaintiff further maintains that SSM and Chrysler provided express and implied warranties that accompanied the sale of the Vehicle but that they failed to repair defects and nonconformities that manifested shortly after the sale. (*Id.* ¶¶ 4–6, 61–62, 145–161.)

On January 21, 2011, Plaintiff filed a complaint in the Superior Court of the State of California against Chrysler, SSM, and Chase Auto Finance Corporation ("Chase"). Plaintiff alleges claims under California's Song-Beverly Consumer Warranty Act, Cal.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-01433-JHN JEM | Date | April 26, 2011 |
|---|---|---|---|
| Title | Stephen Norton v. Ford of Santa Monica et al. | | |

Civ. Code § 1790 *et seq.*; Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; Automobile Sales Finance Act ("ASFA"), Cal. Civ. Code § 2981 *et seq.*; and Public Resources Code section 42885. Plaintiff's claims are alleged individually and on behalf of two classes. Class 1 is made up of individuals who purchased a vehicle from SSM in the four-year period prior to the filing of the complaint and who were charged the California Tire Fee for used tires. (Compl. ¶ 20.) Class 2 is composed of individuals who purchased a vehicle from SSM in the same period and who were automatically charged the optional $29 DMV electronic filing fee without being informed of the option to opt out. (*Id.*)

On February 16, 2011, Chrysler timely removed the action to this Court, asserting three bankruptcy-related bases for removal as well as diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiff filed the instant Motion to Remand on March 17, 2011. (Docket no. 13.) On March 18, 2011, the Court issued an Order to Show Cause re Remand to State Court. (Docket no. 16.) Chrysler responded to the Order to Show Cause on March 31, 2011. (Docket no. 21.) On April 11, 2011, Chrysler gave notice to the Court that based on a stipulation with Plaintiff, it withdrew the three bankruptcy-related bases of jurisdiction. (*See* docket no. 31.) Thus, CAFA remains as the only asserted ground for federal jurisdiction.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, a defendant may remove a case to federal court if the case could have been brought under the court's original jurisdiction pursuant to 28 U.S.C. § 1332. Under CAFA, district courts are vested with "original jurisdiction of any civil action in which the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," in which the aggregate number of proposed plaintiffs is 100 or greater, and in which there is minimal diversity between any class member and any defendant. 28 U.S.C. § 1332(d).

The removing party has the burden of showing that removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," courts must strictly construe the removal statute and rule against removal "if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-01433-JHN JEM | Date | April 26, 2011 |
|---|---|---|---|
| Title | Stephen Norton v. Ford of Santa Monica et al. | | |

quotation marks omitted). Additionally, the plaintiff "whose putative class action has been removed can obtain a remand to state court under any of three exceptions to the district court's subject matter jurisdiction under CAFA." *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1012 (9th Cir. 2011).

## III.   DISCUSSION

The Court agrees with Plaintiff's assertion that the putative class actions fall under the "local controversy" exception to CAFA. (Mot. 15–17.) Specifically, the Court finds that Defendant SSM fulfills the requirements of this exception and that this matter must therefore be remanded to state court.[1]

Under the local controversy exception, a federal district court "shall decline to exercise jurisdiction . . .
>    (A)(I) over a class action in which—
>        (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>        (II) at least 1 defendant is a defendant—
>            (aa) from whom significant relief is sought by members of the plaintiff class;
>            (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>            (cc) who is a citizen of the State in which the action was originally filed; and
>        (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>    (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations

---

[1] Because the Court concludes that remand is required on the basis of the local controversy exception, the Court does not reach the parties' other arguments for and against remand, including those presented in Chrysler's response to the Court's Order to Show Cause re Remand to State Court.

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-01433-JHN JEM | Date | April 26, 2011 |
|---|---|---|---|
| Title | Stephen Norton v. Ford of Santa Monica et al. | | |

    against any of the defendants on behalf of the same or other persons . . . .
28 U.S.C. § 1332(d)(4)(A).

In deciding whether "significant relief is sought" from a defendant who is a citizen of the state in which the suit is filed and whether the defendant's "alleged conduct forms a significant basis for the claims asserted by the plaintiff class," the district court may look only to the complaint. *Coleman*, 631 F.3d at 1015. However, in determining a defendant's citizenship, the court may look beyond the complaint. *Id.*

**A.    Citizenship of Plaintiff Class**

The local controversy exception requires that more than two-thirds of the plaintiff class be citizens of the state in which the action was originally filed—in this instance, California. 28 U.S.C. § 1332(d)(4)(A)(i)(I). There is no dispute that more than two-thirds of Plaintiff's two classes are citizens of California. Moreover, the fact that all proposed class members are individuals who purchased a vehicle from SSM—located in Santa Monica, California—makes it extremely likely that more than two-thirds of the two classes will be California citizens, thereby satisfying this requirement.

**B.    In-State Defendant Requirements**

The exception requires that at least one defendant that is a citizen of a state where the action was filed be a defendant "from whom significant relief is sought by members of the plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(II)(aa). SSM, clearly a California citizen based on its principal place of business in Santa Monica, California, is the only named Defendant in each of Plaintiff's six class claims and is also named in each of Plaintiff's individual claims. (Compl. ¶¶ 66–161.) In contrast, Chase and Chrysler are named in only the three individual claims. (*Id.* ¶¶ 1121–161.) Also, Plaintiff's complaint seeks significant monetary and injunctive relief from SSM and does not indicate that SSM would be incapable of complying with either form of relief. *See Coleman*, 631 F.3d at 1020 (finding "nothing in the complaint to suggest either that the injunctive relief is itself insignificant, or that [the defendant] would be incapable of complying with an injunction"). Thus, the plaintiff classes seek significant relief from SSM.

The exception further requires that the in-state defendant's conduct "form[] a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. §

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-01433-JHN JEM | Date | April 26, 2011 |
|---|---|---|---|
| Title | Stephen Norton v. Ford of Santa Monica et al. | | |

1332(d)(4)(A)(II)(bb). SSM's alleged conduct with regard to the putative classes includes charging Plaintiff and other customers the new tire fee despite having used tires and automatically charging Plaintiff and other customers the optional $29 DMV electronic filing fee without informing them of the option to opt out. (Compl. ¶¶ 33–36, 66–120.) Thus, SSM's alleged conduct is clearly a significant basis for the class claims, satisfying this requirement.

## C. Location of the Principal Injuries

To satisfy the exception, the "principal injuries resulting from the alleged conduct or any related conduct of each defendant [must have been] incurred in the State in which the action was originally filed"—in this case, California. 28 U.S.C. § 1332(d)(4)(A)(i)(III). It is undisputed that the principal injuries occurred in Santa Monica, California, fulfilling this requirement. (Compl. ¶¶ 1–3, 20.)

## D. No Other Litigation

Finally, the local controversy exception requires that "during the 3-year period preceding the filing of [the instant] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). The parties present no argument or evidence that any Defendant has been sued in a class action in the previous three-year period for similar violations, thus satisfying this requirement.

## IV. CONCLUSION

The Court finds that Plaintiff's action falls within the local controversy exception to CAFA and that the Court therefore must decline jurisdiction over this action. Accordingly, Plaintiff's Motion is granted. (Docket no. 13.) This case is hereby **REMANDED** to the Superior Court of the State of California, County of Los Angeles.

Based on the Court's remand of this action, Chrysler's Motion to Dismiss (docket no. 18) and SSM's Motion to Dismiss (docket no. 29) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-01433-JHN JEM | Date | April 26, 2011 |
|---|---|---|---|
| Title | Stephen Norton v. Ford of Santa Monica et al. | | |

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CSI | |